# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM DAVID EDGAR,**

      **Petitioner,**

v.                                                                                                                        Civil Action No. 2:10 CV 59
                                                                                                                       (Maxwell)

**JOEL ZIEGLER, Warden,**

      **Respondent.**

## ORDER

      On May 5, 2010, *pro se* Petitioner William David Edgar filed a Petition & Affidavit for a Writ of Habeas Corpus by a Person in Federal Custody Under Title 28 U.S.C. § 2241(c)(3), challenging, pursuant to 18 U.S.C. §§ 3621(b) and 3624(c), the Bureau of Prisons' decision to place him in a Residential Release Center for 150-180 days instead of the maximum allowable twelve months. This case was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation in accordance with Rule 2 of the Local Rules of Prisoner Litigation Procedure.

      After conducting an initial screening and review, Magistrate Judge Seibert determined that summary dismissal was not warranted and, by Order to Show Cause entered May 11, 2010, gave the respondent twenty-eight days in which to file a reply to the petitioner's § 2241 Petition. On June 8, 2010, a Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause was filed by the respondent.

      On June 9, 2010, Magistrate Judge Seibert entered a ***Roseboro*** Notice advising the petitioner of his right to file any opposition to the respondent's Motion to Dismiss or for Summary Judgment within twenty-eight days from the date of said Notice. The docket in

the above-styled civil action reflects that the petitioner's Reply to the Government's Answer to Petition for a Writ of Habeas Corpus Under Title 28 U.S.C. § 2241 was filed on June 15, 2010.

On July 8, 2010, Magistrate Judge Seibert issued a Report and Recommendation wherein he recommended that the respondent's Motion to Dismiss or for Summary Judgment be granted and that the petitioner's § 2241 Petition be denied and dismissed with prejudice. Specifically, Magistrate Judge Seibert found that the petitioner had no constitutional right or guarantee to a twelve-month Residential Release Center term of placement and that the petitioner's Unit Team had complied with the Second Chance Act by applying the criteria of 18 U.S.C. § 3621 to the specific facts of his case.

In his Report and Recommendation, Magistrate Judge Seibert provided the parties with fourteen days from the date they were served with a copy of said Report and Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report and Recommendation.

The Court's review of the docket in the above-styled civil action reveals that Magistrate Judge Seibert's July 8, 2010, Report and Recommendation was served on the Petitioner on July 9, 2010, and that, to date, no objections to said Report And Recommendation have been filed. Accordingly, this matter is now ripe for review.

Upon consideration of Magistrate Judge Seibert's July 8, 2010, Report and

Recommendation, and having received no written objections thereto[1], it is

**ORDERED** that the Report and Recommendation entered by United States Magistrate Judge James E. Seibert on July 8, 2010 (Doc. 17), be, and the same is hereby, **ACCEPTED** and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Respondent's Motion to Dismiss or for Summary Judgment (Doc. 10) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the petitioner's Petition & Affidavit for a Writ of Habeas Corpus by a Person in Federal Custody Under Title 28 USC § 2241(c)(3) (Docket No. 1) be, and the same is hereby, **DENIED** and **DISMISSED with prejudice**.

It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is further

**ORDERED** that, should the petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions

---

[1] The failure of a party to file an objection to a Report and Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* **Wells v. Shriners Hospital**, 109 F.3d 198, 199-200 (4th Cir. 1997); **Thomas v. Arn**, 474 U.S. 140, 148-153 (1985).

of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**DATED**: August 16, 2010

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE